Case 4:22-cr-00167   Document 71   Filed on 05/01/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| | § CRIMINAL ACTION NOS. |
| vs. | §    H-21-250-1 |
| | §    H-22-167-1 |
| | § |
| | § CIVIL ACTION NO. H-25-1722 |
| | § |
| ARYION DUPREE JACKSON | § |

**ORDER TO SHOW CAUSE**

Aryion Dupree Jackson is a federal inmate at the United States Prison Victorville in California. Representing himself, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, challenging his 2023 convictions and sentences in two cases that arose in the Southern District of Texas.[1] (H-21-250-1, Dkt. 97; H-22-167-1, Dkt. 70). From a review of Jackson's motion and the applicable law under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, it appears that his motion is barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Based on these facts, the court orders Jackson to show cause why his motion should not be dismissed as untimely.

**I.    Background**

In December 2022, Jackson pleaded guilty to one count of sex trafficking of minors by force or coercion in Criminal Number H-21-250-1 and to one count of conspiracy to commit sex trafficking in Criminal Number H-22-167-1. (H-21-250-1, Dkt. 44; H-22-167-1, Dkt. 29). On February 14, 2023, the court sentenced Jackson to concurrent terms of 324 months of incarceration,

---

[1] Jackson filed a single motion in which he raises identical challenges to his convictions and sentences in both cases. The motion was docketed in both cases, and the court will cite to the applicable docket numbers for each case.

followed by fifteen years of supervised release. (H-21-250-1, Dkt. 62; H-22-167-1, Dkt. 44). Jackson did not appeal his convictions or sentences to the Fifth Circuit. (H-21-250-1, Dkt. 97, p. 2; H-22-167-1, Dkt. 70, p. 2).

On April 11, 2025, Jackson filed a motion to vacate, set aside, or correct his sentences, raising four claims of ineffective assistance of counsel. (*Id.* at 4-8). He asks the court to "alter, amend, or vacate" his current sentences. (*Id.* at 12).

## II.    Discussion

The court's consideration of Jackson's motion is governed by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). AEDPA contains a one-year limitations period, which begins to run on the latest of four dates:

> (A) the date on which the judgment of conviction becomes final;
>
> (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). While the limitations period is an affirmative defense, a district court may raise the defense on its own and dismiss a § 2255 motion before ordering an answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). Before doing so, the district court must give the petitioner fair notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

2

Jackson's time to file a motion under § 2255 began on the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1). A criminal conviction becomes final on the date the applicable period for seeking review of the conviction expires. *See Clay v. United States,* 537 U.S. 522, 532 (2003); *United States v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008) ("[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal.").[2]

Jackson was sentenced on February 14, 2023, and the judgments of conviction were filed in both cases on February 24, 2023. (H-21-250-1, Dkt. 64; H-22-167-1, Dkt. 50). His convictions became final on March 10, 2023, the date on which the fourteen-day period to file a notice of appeal expired without him filing an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Jackson had one year from that date, or until March 10, 2024, to file a timely § 2255 motion. His motion, filed on April 11, 2025, did not meet that deadline. Jackson's § 2255 motion is barred by limitations unless he can show that a statutory or equitable exception applies.

### III.    Conclusion and Order

Because it appears from the face of Jackson's § 2255 motion that it is untimely under 28 U.S.C. § 2244(d)(1)(A), Jackson must show cause in writing **on or before June 6, 2025,** why his motion should not be dismissed as barred by limitations. Failure to respond to this order by that

---

[2]Federal Rule of Appellate Procedure 4(b)(1)(A) was amended in 2009 to provide for a 14-day period in which to file a notice of appeal.

date will result in the dismissal of this case for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

SIGNED on May 1, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge