United States District Court
Southern District of Texas
**ENTERED**
July 15, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | CRIMINAL ACTION NOS. |
| vs. | § | H-21-250-1 |
| | § | H-22-167-1 |
| | § | |
| | § | CIVIL ACTION NO. H-25-1722 |
| | § | |
| ARYION DUPREE JACKSON | § | |

**MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION**

Aryion Dupree Jackson is a federal inmate at the United States Prison Victorville in California. Representing himself, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, challenging his 2023 convictions and sentences in each of his two cases that arose in the Southern District of Texas.[1] (H-21-250-1, Dkt. 97; H-22-167-1, Dkt. 70). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, the court must review a motion to vacate, set aside, or correct a sentence and dismiss the motion if "[i]t plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." After considering Jackson's motions, the record, and the law, the court dismisses his motions as barred by limitations. The reasons are explained below.

**I.     Background**

In December 2022, Jackson pleaded guilty to one count of sex trafficking of minors by force or coercion in Criminal Number H-21-250-1 and to one count of conspiracy to commit sex

---

[1]Jackson filed a single motion in which he raises identical challenges to his convictions and sentences in both cases. The motion was docketed in both cases, and the court will cite to the applicable docket numbers for each case.

trafficking in Criminal Number H-22-167-1.  (H-21-250-1, Dkt. 44; H-22-167-1, Dkt. 29).  On February 14, 2023, the court sentenced Jackson to concurrent terms of 324 months of incarceration, followed by fifteen years of supervised release.  (H-21-250-1, Dkt. 62; H-22-167-1, Dkt. 44). Jackson did not appeal his convictions or sentences to the Fifth Circuit.  (H-21-250-1, Dkt. 97, p. 2; H-22-167-1, Dkt. 70, p. 2).

On April 11, 2025, Jackson filed a motion to vacate, set aside, or correct his sentences in each of his criminal cases, raising four claims of ineffective assistance of counsel.  (*Id.* at 4-8).  He asks the court to "alter, amend, or vacate" his current sentences.  (*Id.* at 12).

## II.    Discussion

The court's consideration of Jackson's motion is governed by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  AEDPA contains a one-year limitations period, which begins to run on the latest of four dates:

> (A) the date on which the judgment of conviction becomes final;
>
> (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  While the limitations period is an affirmative defense, a district court may raise the defense on its own and dismiss a § 2255 motion before ordering an answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule

2

4, 28 U.S.C. foll. § 2254).  Before doing so, the district court must give the petitioner fair notice and an opportunity to respond.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Jackson's time to file a motion under § 2255 began on the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1).  A criminal conviction becomes final on the date the applicable period for seeking review of the conviction expires.  *See Clay v. United States,* 537 U.S. 522, 532 (2003); *United States v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008) ("[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal.").[2]

Jackson was sentenced on February 14, 2023, and the judgments of conviction were filed in both cases on February 24, 2023.  (H-21-250-1, Dkt. 64; H-22-167-1, Dkt. 50).  His convictions became final on March 10, 2023, the date on which the fourteen-day period to file a notice of appeal expired without him filing an appeal.  *See* FED. R. APP. P. 4(b)(1)(A).  Jackson had one year from that date, or until March 10, 2024, to file a timely § 2255 motion.  His motions, filed on April 11, 2025, did not meet that deadline.  Jackson's § 2255 motions are barred by limitations unless he can show that a statutory or equitable exception applies.

Jackson did not include any facts in his motions tending to show that any statutory or equitable exception to the limitations period applied in either of his cases.  After an initial review, the court issued an order explaining the applicable limitations period and giving Jackson an opportunity to provide any additional facts that would show that such an exception to the limitations period applied.  (H-21-250-1, Dkt. 98; H-22-167-1, Dkt. 71).  Jackson did not respond

---

[2]Federal Rule of Appellate Procedure 4(b)(1)(A) was amended in 2009 to provide for a 14-day period in which to file a notice of appeal.

to that order, and his time to do so has now expired.  Absent facts showing that an exception applies, Jackson's motions are time-barred.  They are dismissed, with prejudice, as untimely.

### III.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (cleaned up).  Under that controlling standard, the defendant is required to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up).  A district court may deny a certificate of appealability on its own, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  The court concludes that reasonable jurists could not find Jackson's petition to be timely filed, so a certificate of appealability will not be issued.

### IV.    Conclusion

Jackson's motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, (H-21-250-1, Dkt. 97; H-22-167-1, Dkt. 70), are dismissed with prejudice as barred by limitations. Jackson's civil action, (No. 4:25-cv-1722), is dismissed with prejudice.  The record conclusively demonstrates that no relief is appropriate, and no evidentiary hearing is needed.  *See United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983) (no hearing is necessary when a motion is devoid

of factual or legal merit). Final judgment is separately entered. A certificate of appealability will not be issued. *See United States v. Bernard*, 762 F.3d 467, 483 (5th Cir. 2014).

SIGNED on July 11, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge